IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50143
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ERIC RASHAD JONES, also known as Eric Jones,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CR-82-2
--------------------
September 21, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges

PER CURIAM:[*]

    Eric Rashad Jones appeals his sentence following his convictions for conspiring from August 1, 1999, to August 11, 1999, to possess with the intent to distribute cocaine base and for aiding and abetting his coconspirator's August 11, 1999, possession with the intent to distribute cocaine base. Jones asserts that the district court erred in attributing 439.32 grams of cocaine base to him for sentencing purposes and in assigning a criminal history point for his prior conviction for possession of drug paraphernalia.

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, Jones argues:  that the 119.32 grams of cocaine base and the cash equivalent of 32 grams of cocaine base seized on March 28, 1999, were not relevant to his August 1999 conspiracy because they were not possessed during the course of the conspiracy and their possession was not foreseeable to the conspirators; that the cash equivalent of 118 grams of cocaine base seized on August 11, 1999, was not relevant to Jones' convictions, as the presentence report ("PSR") found that the cash was owed to a different drug supplier for powder cocaine; and that Jones should not have been attributed the 170 grams of cocaine base he allegedly provided to his coconspirator in 1999 because his coconspirator's statements were uncorroborated.

The district court did not clearly err in adopting the PSR's findings, which establish that the disputed quantities of cocaine base and cash were the result of drug activity that occurred regularly, was similar to, and was close in time to the drug activity for which Jones was convicted.  See United States v. Bryant, 991 F.2d 177, 177 (5th Cir. 1993); United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).  Thus, these quantities of cocaine base and cash resulted from relevant conduct and were properly attributed to Jones for sentencing purposes.  See U.S.S.G. § 1B1.3(a)(2); United States v. Bethley, 973 F.2d 396, 401 (5th Cir. 1992); United States v. McCaskey, 9 F.3d 368, 375 (5th Cir. 1993).

Jones' remaining drug-quantity arguments were not urged in the district court and are therefore reviewed for plain error. See United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995).

Under plain-error review, this court may address an issue only if:  (1) there was an error, (2) the error was clear or obvious, and (3) the error affected the defendant's substantial rights. See United States v. Harris, 104 F.3d 1465, 1472 (5th Cir. 1997). Because the forfeited arguments all raise questions of fact that the district court could have resolved at sentencing, the asserted errors are not plain and are not be reviewed by this court.  See Vital, 68 F.3d at 119.

Jones finally contends that he should not have been assigned a criminal history point for his prior offense of possession of drug paraphernalia.  Assuming arguendo that the district court erred in assigning a criminal history point for this prior conviction, the error is harmless.  Even if the point were subtracted from Jones' criminal history score of three, his criminal history category, and thus his guideline sentencing range, would remain unchanged.  See Ch.5, Pt. A; see also Bryant, 991 F.2d at 178 n.9.

The judgment of the district court is AFFIRMED.